IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| AYA HEALTHCARE SERVICES, INC., and AYA HEALTHCARE, INC., | |
|---|---|
| Plaintiffs, | 8:19CV75 |
| vs. | ORDER TO SHOW CAUSE |
| AMN HEALTHCARE, INC., AMN HEALTHCARE SERVICE, INC., AMN SERVICES, LLC., MEDEFIS, INC., and SHIFTWISE, INC., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Notices of Application and Application for an Order to Show Cause Why Contempt Citation Should Not Issue (Filing Nos. 1, 3.)  For the reasons explained below, the Notice of Application found at Filing No. 1 will be denied.  The Notice of Application found at Filing No. 3 will be granted, in part.

**BACKGROUND**

Plaintiffs filed suit against AMN Healthcare, Inc; AMN Healthcare Services, Inc.; AMN Services, LLC; Medefis, Inc.; and Shiftwise, Inc. (collectively "AMN") in the United States District Court for the Southern District of California alleging that AMN restrained trade in violation of the Sherman Act. (Filing No. 4.)  The Third Amended Complaint alleges that the parties are rival staffing agencies who each provide staffing of "medical travelers" to perform assignments at hospitals.  Plaintiffs contend, among other things, that AMN used a series of contractual restraints to ensure that it alone maintains control of a pool of medical travelers sufficiently large to meet the requirements of most hospitals.

OneStaff Medical ("OneStaff"), a nonparty to the California action, also offers medical-traveler services.  Plaintiffs contend that on November 9, 2018, they served the following documents on OneStaff: (1) Subpoena to Produce Documents, Information, or Objects or to Permit

Inspection of Premises in a Civil Action (the "Subpoena"); (2) Custodian's Certification of Business Records; and (3) Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets (the "Protective Order"). The Subpoena commands OneStaff to produce documents sufficient to disclose the revenues that it earned each calendar year since January 1, 2016 from its booking or providing of non-AMN traveler assignments in the United States, Alaska, Arkansas, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Maine, Massachusetts, Montana, Nebraska, Nevada, Oklahoma, Pennsylvania, and Vermont. The Subpoena further commands the production of documents sufficient to disclose the number of recruiters employed at AMN whom OneStaff has solicited at any time since January 1, 2016, and who in response left AMN's employ in order to work for OneStaff.

Plaintiffs contend that OneStaff did not respond to the Subpoena. Consequently, Plaintiffs filed this action requesting that this Court enter an order directing OneStaff to show cause why it should not be found in contempt for failure to comply with, or respond to, the Subpoena. Plaintiffs request that, as a sanction for its failure to respond to the Subpoena, the Court order OneStaff to immediately produce all requested documents. OneStaff has not responded to Plaintiffs' Application for an Order to Show Cause.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents on a nonparty, with notice to the other parties in the litigation. Fed. R. Civ. P. 45. A person who has been served but fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g). "[T]he proper means of seeking relief under Rule 45(g) is by making a motion for an Order to Show Cause." *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668, 2014 WL 12756820, at *5. (D. Minn. Jan. 17, 2014) (citing *Hairston v. Alert Safety Light Prods, Inc.*, 307 F.3d 717, 720-21 (8th Cir. 2002) (Loken, J., dissenting)). In civil contempt proceedings, "due process requires that the [nonparty] be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975).

OneStaff has not responded to Plaintiffs' Notice of Application and Application for an Order to Show Cause. It appears, however, that OneStaff received notice of this action. ([Filing No. 5](#).) Therefore, at this time, the Court will enter an order directing OneStaff to show cause why it should not be held in contempt and compelled to produce all documents requested in the Subpoena.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Notice of Application and Application for an Order to Show Cause Why Contempt Citation Should Not Issue ([Filing No. 1](#)) is denied. The Declaration offered in support of the Notice pertains to an entity referred to as "Triage Staffing." The Declaration does not mention OneStaff and does not properly support the Notice.

2. Plaintiffs' Notice of Application and Application for an Order to Show Cause Why Contempt Citation Should Not Issue ([Filing No. 3](#)) is granted, in part. By May 10, 2019, OneStaff shall show cause as to why it should not be compelled to respond to the Subpoena referenced in this Order. Failure to comply with this Order could result in a recommendation to United States District Court Judge Robert Rossiter that OneStaff be held in contempt and ordered to immediately produce all documents requested in the Subpoena.

3. Plaintiffs are directed to provide a copy of this Order to OneStaff and OneStaff's registered agent, via certified mail, return receipt requested. Plaintiffs shall thereafter file a certificate of service showing compliance with the Order. The certificate of service shall identify the name and address to whom the Order was sent, as well as the date the Order was mailed. Plaintiffs are further directed to provide a copy of this Order to counsel for Defendants in the underlying action in California.

Dated this 11th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge